IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | | |
|---|---|---|
| SEAN LEWIS, JR. | * | |
| Plaintiff, | * | |
| | | Civil Action No.: 1:21-CV-01159 |
| v. | * | |
| CHRISTOPHER FLORIO | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendant Officer Christopher Florio ("Defendant"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6), hereby moves this Court to dismiss Plaintiff Sean Lewis, Jr.'s ("Plaintiff") Amended Complaint for failure to state claims upon which relief can be granted. Regardless of the survival of Plaintiff's claims, Defendant is entitled to immunity. In support of these arguments, Defendant states as follows:

**BACKGROUND AND STATEMENT OF ALLEGATIONS**[1]

1. On May 18, 2018, at or around the 300 block of N. Pulaski Street, Baltimore, Maryland 21223, Plaintiff went to an elementary school to pick up his younger brother. *See* ECF Doc. No. 19-1, at ¶ 12.

2. Upon arrival, at least one (1) unknown school administrator advised Plaintiff, then a fifteen (15) year-old, that he was not allowed to enter the school and was asked to leave the premises. *See* ECF Doc. No. 19-1, at ¶¶ 12–13.

---

[1] For purposes of this Motion, only, Plaintiff's allegations from the Amended Complaint are assumed true. Defendant vehemently challenges each such allegation and, should this Court allow any portion of the contemplated Counts to proceed, Defendant will challenge such facts and timely file an Answer to such Counts, pursuant to Fed. R. Civ. P. and this Court's Local Rules.

3. After being asked to leave, "Plaintiff remained on the sidewalk outside of the school, but not on school grounds." *See* ECF Doc. No. 19-1, at ¶ 13.

4. Plaintiff explained to school administrators he was there to pick up his brother, with permission from his mother, but "again was asked to leave." *See* ECF Doc. No. 19-1, at ¶ 14.

5. Despite being asked to leave no less than two (2) times, Plaintiff refused, and, for some unstated reason, "the Baltimore City Police [(hereafter 'BPD')] were called." *See* ECF Doc. No. 19-1, at ¶ 14.

6. Defendant responded to the scene where, after approximately fifteen minutes (15), with "his taser out and pointed at [] Plaintiff," Defendant "requested that [] Plaintiff leave the school grounds." *See* ECF Doc. No. 19-1, at ¶ 15.

7. According to Plaintiff, he "complied," but did not include any facts as to corroborate this conclusory allegation. *See* ECF Doc. No. 19-1, at ¶ 15.

8. Over the fifteen (15) minutes, Defendant engaged in conversation with Plaintiff, Defendant had his taser brandished and, at some point, once again, for some unstated and now unknown reason, Defendant deployed his taser on Plaintiff. *See* ECF Doc. No. 19-1, at ¶¶ 16–18.

9. Plaintiff was stuck with the taser prongs in his gonads and later had to have the prong surgically removed from one gonad. *See* ECF Doc. No. 19-1, at ¶ 18.

10. Defendant took Plaintiff into police custody, allegedly without probable cause or legal justification, brought Plaintiff to the hospital, and held Plaintiff on a juvenile hold. *See* ECF Doc. No. 19-1, at ¶¶ 19–20.

11. Plaintiff alleges he was never charged with a crime and was released from the hospital after surgery. *See* ECF Doc. No. 19-1, at ¶¶ 12–20.

12. On May 12, 2021, Plaintiff filed a Complaint against Defendant alleging various claims, as follows: (1) Count I, Maryland Declaration of Rights, Articles 24 & 26; (2) Count II, Violation of Rights Secured Under 42 U.S.C. § 1983 (Due Process); (3) Count III, Maryland False Arrest; (4) Count IV, Maryland False Imprisonment; and (5) Count V, Maryland Battery. *See* ECF Doc. No. 19-1, at Counts I–V. Following Defendant's filing of a Motion to Dismiss, Plaintiff filed an Amended Complaint on October 6, 2021. *See* ECF Doc. No. 19.

## LEGAL STANDARD

When considering a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), the Court presumes the truth of all the plaintiff's *well-pleaded* factual allegations. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997) (emphasis added). A Fed. R. Civ. P. 12(b)(6) motion to dismiss challenges the legal sufficiency of the complaint. *In re Birmingham,* 846 F.3d 88, 92 (4th Cir. 2017). To survive a motion to dismiss, a plaintiff's complaint must allege facts that plausibly suggest that the plaintiff has a right to relief, raising that possibility above the speculative level. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Unsupported legal conclusions and conclusory factual allegations, that do not reference specific events, however, do not suffice. *Revene v. Charles Cty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989). A court need not accept as true unwarranted inferences, unreasonable conclusions, or arguments. *Kloth v. Microsoft Corp.*, 444 F.3d 312, 319 (4th Cir. 2006). Thus, a motion to dismiss will be successful where this Court cannot find that the well-plead facts and reasonable inferences therefrom, construed in the non-movants favor, state a plausible claim for which relief can be granted. *See In re Birmingham*, 846 F.3d at 92–93.

**ARGUMENT**

I.   **PLAINTIFF'S MARYLAND DECLARATION OF RIGHTS, ARTICLE 26 CLAIM (COUNT I) MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

Article 26 of the Maryland Declaration of Rights, entitled "Warrants," provides that:

All warrants, without oath or affirmation, to search suspected places, or to seize any person or property, are grievous and oppressive; and all general warrants to search suspected places, or to apprehend suspected persons, without naming or describing the place, or the person in special, are illegal, and ought not to be granted.

Article 26 grew out of the same historical background as the Fourth Amendment to the United States Constitution, and both seek to protect individuals from arbitrary intrusions resulting from unrestricted searches and seizures by general warrant. *Solis v. Prince George's County*, 153 F. Supp. 2d 793 (D. Md. 2001) (holding the same facts that supported plaintiff's § 1983 claim brought under the Fourth Amendment apply with equal force to plaintiff's state constitutional claims); *Carter v. State*, 367 Md. 447 (2002); *Scott v. State*, 366 Md. 121 (2001) (noting Maryland courts tend to equate the federal and state provisions, despite their differing language, and to construe the Maryland provision in conformance with U.S. Supreme Court constructions of the Fourth Amendment); *Salmon v. State*, 2 Md. App. 513 (1967).

Pursuant to Plaintiff's facts, this matter concerned actions taken without a warrant.  *See* ECF Doc. No. 19-1 (noting no allegation of a warranted search or seizure).  There are no facts this Court can rely upon to find a plausible claim for violation of the rights guaranteed in the Maryland Declaration of Rights, Article 26.  As such, *in pari materia* with equivalent claims alleged through 42 U.S.C. § 1983 (Count I), Plaintiff's Maryland Declaration of Rights, Article 26 claim, fails to state a claim upon which relief can be granted and must be dismissed.

## II.  PLAINTIFF'S 42 U.S.C. § 1983 CLAIMS MUST BE DISMISSED.

Preliminarily, Plaintiff's Amended Complaint, at Count II, alleges multiple violations of rights secured under 42 U.S.C. § 1983.  Plaintiff alleged that "Defendant … acted intentionally to violate Plaintiff's rights" including, but not limited to: (1) "seizing of the Plaintiff without probable cause and the false arrest and false imprisonment of Plaintiff"; (2) "freedom from the deprivation of liberty without due process of the law"; and (3) "freedom from arrest without probable cause." *See* ECF Doc. No. 19-1, Count II.  Absent specified counts stating what Plaintiff is alleging, Defendant presumes Plaintiff intended to bring claims under 42 U.S.C. § 1983 that are based on excessive use of force and false arrest/imprisonment.  Regardless, Count II, in its entirety, must be dismissed, with prejudice, for failure to state claims upon, which relief may be granted.

### A.  Defendant Had Legal Justification And, As Such, Plaintiff's 42 U.S.C. § 1983 Claims Alleging Unlawful Seizure, Arrest, And Imprisonment Fail to State A Claim Upon, Which Relief May Be Granted And Must Be Dismissed.

"The Supreme Court and the Fourth Circuit have held repeatedly that § 1983 claims … incorporate the elements of certain common-law causes of action," including false arrest and false imprisonment.  *Gray v. Maryland*, 228 F.Supp.2d 628, 636 (D.Md. 2002) (citing *Heck v. Humphrey*, 512 U.S. 477, 484 (1994)).  The elements of false arrest and false imprisonment are, essentially, the same; false arrest and false imprisonment require a showing of the deprivation of liberty of another without consent and without legal justification.  *See State v. Roshchin*, 446 Md. 128, 138 (2016).  This means that a person may not be arrested without probable cause for such an arrest.  *See id.*  Defendant argues that Plaintiff may only recover against Defendant pursuant to 42 U.S.C. § 1983 for unlawful seizure, arrest, and imprisonment where "there [was] no legal authority or justification for [his] actions."  *See Hines v. French*, 157 Md. App. 536, 551 (2004).

Defendant does not allege that, upon deploying the taser, Plaintiff was not seized. The focal point of Plaintiff's false arrest and false imprisonment claims are whether Defendant had legal justification to use force, detain, and arrest Plaintiff (since Defendant presumes Plaintiff did not consent to the seizure. In this matter, the only logical inference is that the Defendant had legal justification to take the actions he did during the occurrence. Defendant responded to an elementary school with reports of Plaintiff's non-compliance with school administrator orders to leave the premises. *See* ECF Doc. No. 19-1 at ¶¶ 12–14. Plaintiff's facts establish that Plaintiff ignored school administrators and continued to defy orders to leave the premises for over fifteen (15) minutes. *See* ECF Doc. No. 19-1 at ¶¶ 13–16. Although Plaintiff alleges he was on the sidewalk, but "not on school grounds," such a fact does not effect this Court's analysis. *See id.* This Court can infer that the "scene" to which Defendant responded to was the area in, on, and around the school Plaintiff was repeatedly asked to leave. *See id.* As such, Plaintiff continued to defy school administrator and Defendant's orders, constituting a misdemeanor committed in the presence of an officer supplying legal justification to seize and arrest Plaintiff. *See* Md. Code Ann., Criminal Law § 10-201 (codifying disturbance of the peace misdemeanors to which this case squarely applies).

Moreover, conclusive allegation of "compliance" do not skirt the inference this Court is free to draw on Plaintiff's facts; that Plaintiff posed a threat to Defendant and others present on the school's premises, such that a taser was required to subdue Plaintiff. *See* ECF Doc. No. 19-1 at ¶ 17. Plaintiff, instead, takes the unfortunate and unintended result, a prong to Plaintiff's genitalia, and uses that as facts demonstrating Defendant did not have legal justification to seize Plaintiff in the first place. *See* ECF Doc. No. 19-1 at ¶¶ 18–20. This *ex post facto* application of the facts is not plausible. Instead, the plausible narrative, as outlined in Plaintiff's Amended

Complaint, is that of a continuously insubordinate teenager who presented a threat to Defendant and other elementary school children, both in the school and on a public thoroughfare. Defendant, therefore, had legal justification to utilize a taser to temporarily subdue Plaintiff. Accordingly, Plaintiff's claims of 42 U.S.C. § 1983 violation, as such claims pertain to unlawful seizure, arrest, and imprisonment, fail to state a claim upon, which relief may be granted, and must be dismissed.

      **B.**      **Plaintiff's Due Process Claim in Count II Must Be Dismissed As Plaintiff's Allegations, Assumed True, Do Not "Shock The Conscience."**

The Due Process Clause of the Fourteenth Amendment provides that no State "shall … deprive any person or life, liberty, or property, without due process of law." U.S. CONST. amend. XIV. The Supreme Court has, for half a century now, held that the only conduct that can be considered a due process violation, in the context of a 42 U.S.C. § 1983 claim, is conduct that "shocks the conscience," and nothing less. *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998) (quoting *Rochin v. California,* 342 U.S. 165, 172 (1952)). The "shocks the-conscience" standard turns on degree of fault: to make a due process claim, a claimant must demonstrate that executive action was "intended to injure in some way[,] unjustifiable by any government interest." *Id.* at 849.

While it is clear that intentional and harmful conduct may constitute a violation of the Fourteenth Amendment, it is equally clear that negligence alone does not amount to a constitutional violation. *See id.* at 849 ("[L]iability for negligently inflicted harm is categorically beneath the threshold of constitutional due process.... [C]onduct intended to injure in some way unjustifiable by any government interest is the sort of official action most likely to rise to the conscience-shocking level."). Courts' difficulties in determining "[w]hether the point of … conscience shocking is reached [arises] when injuries are produced with culpability falling within

9

the middle range, following from something more than negligence but less than intentional conduct, such as recklessness or gross negligence." *Id.* (internal quotation marks omitted).

In *Johnson v. Glick*, the court reasoned that a plaintiff may only prove an excessive force claim under the Fourteenth Amendment if the plaintiff shows "conduct that shocks the conscience" under *Rochin*. *Johnson v. Glick*, 481 F.2d 1028, 1033 (2nd Cir. 1973). The test to aid in determining whether a use of force claim meets the conscience-shocking standard is as follows:

> In determining whether the constitutional line has been crossed, a court must look to such factors as the need for application of force, the relationship between the need and the amount of force that was used, the extent of injury inflicted, and whether force was applied in a good faith effort to maintain or restore discipline or maliciously or sadistically for the very purpose of causing harm.

*See id.* at 1033.

In this matter, no facts exist to suggest that Defendant engaged in behavior that would shock the conscience. Defendant responded to an elementary school, at the school's request, after Plaintiff failed to adhere to two (2) directives requesting he leave the premises following. *See* ECF Doc. No. 19-1, at ¶¶ 12–20. Plaintiff conclusively states that he "complied" with Defendant's directive to "leave the school grounds," but only after "at least fifteen" (15) minutes of non-compliance. *See id.* So, according to Plaintiff, Defendant shocked the conscience by receiving reports that Plaintiff failed to adhere to school administrators' instructions, responding to an elementary school, encountering a person who continued his insubordinate behavior for no less than fifteen (15) minutes, and, <u>for some unstated reason</u>, deployed the use of a taser. *See id.*

Simultaneously, Plaintiff failed to include facts indicative of the *Johnson* factors, discussed, *supra*. Plaintiff did not allege facts as to why he refused to follow school administrator instruction. Plaintiff did not allege facts as to why he refused to leave the premises when hearing the BPD was contacted. Plaintiff did not allege facts surrounding the immediate moments before

Defendant deployed the taser which could indicate the need for application of force. *See id.* Instead, Plaintiff left such facts to inference.

The reasonable inferences this Court can draw from the facts Plaintiff did include support the conclusion that it is not plausible Defendant's actions shocked the conscience. Plaintiff's facts demonstrate: (1) there was a need to force Plaintiff to comply with school administrator/Defendant's orders; (2) the resulting damage, though extensive, can be inferred to be purely accidental, as prongs to the lower half of Plaintiff's body allow for this Court to infer Defendant did not intend to cause harm; and (3) it is indisputable, on Plaintiff's facts, any force used in this matter was done in good faith and to restore discipline. *See* ECF Doc. No. 19-1 at ¶¶ 12–20.

To be rendered factually sufficient, Plaintiff needed only to include basic facts. By way of example, Plaintiff could have been much more descript about whether the sidewalk he allegedly stood on was outside school grounds, whether he presented corroboration he had the authority to pull his younger brother from school, what conduct he exhibited that resulted in school administrators and Defendant's request he leave the premises, and how he "complied" with Defendant's directives. Absent such facts, Plaintiff's bald claim Defendant shocked the conscience by responding to an elementary school and firing a taser following fifteen (15) minutes of continued noncompliance with at least one (1) school administrator and BPD Officer directives is not plausible and must be dismissed. Without more, there are not enough facts alleged against Defendant this Court can utilize to infer a plausible claim of due process violation.

### III.  PLAINTIFF'S MARYLAND DECLARATION OF RIGHTS, ARTICLE 24 CLAIM, MUST BE DISMISSED.

The Maryland Court of Appeals interprets Article 24 of the Maryland Declaration of Rights "*in pari materia* with the Fourteenth Amendment to the United States Constitution." *Tyler v. City*

11

*of College Park*, 415 Md. 475, 499 (2010).  Plaintiff's Maryland Declaration of Rights, Article 24 claim (Count I), must be dismissed for the same reasons Plaintiff's 42 U.S.C. § 1983 claim (Count II) must be dismissed.  Defendant hereby incorporates, by reference, as if fully stated herein, those reasons stated, *supra*, at pp. 7–11, in support of Defendant's dismissal of Plaintiff's Maryland Declaration of Rights, Article 24 Claim.

### IV.  PLAINTIFF'S MARYLAND FALSE ARREST AND FALSE IMPRISONMENT CLAIMS MUST BE DISMISSED.

Plaintiff's Maryland false arrest and false imprisonment claims (Count III and Count IV), must be dismissed for the same reasons Plaintiff's 42 U.S.C. § 1983 claim (Count II) must be dismissed.  Defendant hereby incorporates, by reference, as if fully stated herein, those reasons stated, *supra*, at pp. 7–11, in support of Defendant's dismissal of Plaintiff's Maryland state false arrest and false imprisonment claims.

### V.  PLAINTIFF FAILED TO ALLEGE MALICE SUFFICIENT TO SUSTAIN PLAINTIFF'S BATTERY CLAIM.

Civil battery is defined as an intentional touching of a person without that person's consent.  *See Saba v. Darling*, 72 Md. App. 487, 491–92 (1987), *aff'd*, 320 Md. 45 (1990).  To be considered a battery, the touching must be harmful.  *See id.*  With respect to a civil claim of battery, an affirmative defense exists for police officers.  Namely, a police officer is not responsible if he or she inflicts an injury on a person who is being arrested unless the officer acts with malice toward that person.  *See Davis v. Muse*, 51 Md. App. 93, 96 (1982).  Malice exists when the officer intends to inflict an injury or acts from improper motivations or with ill will.  *See id.*

Under the circumstances described in Plaintiff's Amended Complaint, this Court cannot infer malice by Defendant sufficient for Plaintiff to sustain his battery claim.  Plaintiff describes an altercation with Defendant at an elementary school.  *See* ECF Doc. No. 19-1.  Plaintiff's

Amended Complaint further acknowledges that Plaintiff ignored elementary school administrators and Defendant's lawful orders. *See* ECF Doc. No. 19-1. Further, Plaintiff failed to identify a single fact that could give rise to the inference of malice. To state a battery claim, Plaintiff needed to demonstrate specific facts that give rise to an inference that Defendant's actions were "evil or rancorous[ly] motiv[at]e[d] by hate, the purpose being to deliberately and willfully injury the [P]laintiff." *Thacker v. City of Hayattsville*, 135 Md. App. 268, 299–300 (2000) (citing *Shoemaker v. Smith*, 353 Md. 143, 163 (1999)). At worst, Plaintiff alleges Defendant attempted to ensure the safety of school administrators and other occupants of an elementary school. Brandishing and use of a taser to achieve that end, with an unfortunate resulting damage, is not sufficient to state malice in a battery claim. Rather, Plaintiff's Amended Complaint establishes a minor altercation that arose out of Plaintiff's insubordination. Such facts do not amount to malicious intent necessary to sustain Plaintiff's battery claim and Plaintiff's battery claim (Count V) must be dismissed.

### VI.  DEFENDANT IS ENTITLED TO COMMON LAW, PUBLIC OFFICIAL IMMUNITY.

Common law public official immunity applies when (1) the actor is a public official; (2) the tortious conduct occurred in the course of the actor's performance of discretionary, rather than ministerial, acts; and (3) those acts were within the scope of the actor's official duties. *See Houghton v. Forrest*, 412 Md. 578, 585 (2010). Common law public official immunity "protects the officer from liability for non-malicious negligent conduct committed in the performance of discretionary acts in furtherance of the officer's official duties." *Smith v. Danielczyk,* 400 Md. 98, 129 (2007). "[A] police officer, in deciding whether to apprehend a criminal suspect, is ordinarily protected from liability under the doctrine of public official immunity." *Boyer v. State*, 323 Md. 558, 577 (1991) (citing *Ashburn v. Anne Arundel Cty.*, 306 Md. 617, 623 (1986)).

13

Common law public official immunity shields Defendant's liability to Plaintiff. "[P]olice officers are public officials." *Id*. "At all times … Defendant … was and is a police officer of the [BPD]." *See* ECF Doc. No. 19-1, at ¶ 2. Thus, a Defendant is entitled to immunity if his actions are deemed discretionary and in furtherance of his official duties. When attempting to classify a particular act as discretionary or ministerial, the Maryland Court of Appeals holds that "an act falls within the discretionary function of a public official" if it entails a decision by the official "which involves an exercise of his personal judgment" and "also includes, to more than a minor degree, the manner in which the police power of the State should be utilized." *See Williams v. Mayor & City Council of Baltimore*, 359 Md. 101, 139–40 (2000) (internal citation and quotation omitted). "Unquestionably, the actions of police officers within the scope of their law enforcement function are quintessential discretionary acts." *See Williams v. Prince George's Cty.*, 112 Md. App. 526, 550 (1996) (citing *Robinson v. Bd. of Cty. Comm'rs*, 262 Md. 342, 346–47 (1971)).

Here, Officer Defendant made the decision to utilize force in the form of a taser to apprehend Plaintiff, who admitted to continuously ignoring orders by elementary school administrators and a BPD Officer. This decision, made in response to a call for service, is clearly a discretionary act occurring in the furtherance of his duties. As such, immunity shields Defendant from liability. *See Ashburn,* 306 Md. at 624 (explaining when a police officer makes a decision as to whether a citizen shall be apprehended, he is acting in a discretionary capacity).

## **CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that this Court dismiss the Amended Complaint against him, in its entirety.

14

Respectfully submitted,


_____/s/_____
Thomas H. Barnard, Fed. Bar No. 27488
tbarnard@bakerdonelson.com
Stuart R. Goldberg, Fed. Bar No. 21236
sgoldberg@bakerdonelson.com
BAKER, DONELSON, BEARMAN,
 CALDWELL & BERKOWITZ, P.C.
100 Light Street, 19th Floor
Baltimore, Maryland  21202
Phone:  410-862-1185
Direct Fax:  410-547-0699

*Attorneys for Defendant Officer Christopher Florio*

15

4831-6147-1487v.1

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 20th day of October, 2021, a copy of this Defendant's Memorandum of Law in Support of Defendant's Motion to Dismiss Plaintiff's Amended Complaint was filed and served, electronically, via this Court's CM/ECF e-filing system, on all counsel of record.

                                                   _/s/_
                                   Stuart R. Goldberg, Fed. Bar No. 21236